ENGLAND, Justice
(concurring specially).
I concur with a majority of my colleagues in finding that there is no “direct conflict” between the decision of the First District Court of Appeal in this case and any other Florida appellate decision, as the Constitution requires. The district court’s decision, reported at 303 So.2d 649, is merely a one paragraph recitation of facts followed by a statement that the evidence justifies the jury’s verdict. There is not one citation of legal authority, and no reference to the principles of law which the district court applied.
This is a classic case in which a district court of our state has accorded a criminal defendant a complete appellate review based on a trial record, in accordance with its responsibility to accept appeals of that type. The court was not obliged to write a legal opinion if, in its judgment, it merely applied established precedent to particular facts without creating new jurisprudence. A complete second appeal can be provided here if we dig through the trial transcript and all other facets of the trial record, and if that is done a majority of the Court may disagree with the result reached by the district court below. But that is not our function. That second appellate analysis is precisely the type of review against which we were warned when the district courts were created. See, Lake v. Lake, 103 So.2d 639 (Fla.1958), overruled, Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla.1965). See also, Gibson v. Maloney, 231 So.2d 823, 826 (Fla.1970) (dissent).
It may be difficult, but I believe we are required by the Constitution to exercise restraint on matters once fully tried and once fully reviewed, to insure that the district courts remain “final” rather than intermediate appellate tribunals.